# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHEILA WILLIAMS, on behalf of herself and all others similarly situated,<br><br>　　　　　　　Plaintiff(s),<br><br><br>　　　　-against-<br><br>RESURGENT CAPITAL SERVICES, L.P.; and JOHN DOES 1-25,<br><br>　　　　　　　Defendant(s). | Civil Case No.:<br><br><br>**CIVIL ACTION**<br><br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1.　　　　Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that Defendants, RESURGENT CAPITAL SERVICES, L.P. ("Resurgent") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.　　　　This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.　　　　Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

**DEFINITIONS**

4.      As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

**PARTIES**

5.      Plaintiff is a natural person, a resident of Kings County, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6.      RESURGENT is a foreign limited partnership that maintains a location at 55 Beattie Place Suite 400. Greenville, South Carolina 2960

7.      RESURGENT uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

8.      RESURGENT is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6), and it uses litigation and non-litigation methods in its attempts to collect debts.

9.      John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

**CLASS ACTION ALLEGATIONS**

10.     Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New York consumers and their successors in interest (the

"Class"), who Defendants collected or attempted to collect a debt from, in violation of the FDCPA, as described in this Complaint.

11.     This Action is properly maintained as a class action. The Class is initially defined as:

> All New York consumers who were sent letters
> and/or notices from RESURGENT, which included
> the alleged conduct and practices described herein.

> The class definition may be subsequently modified or refined.

> The Class period begins one year prior to the filing of this Action.

12.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

a.     Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons in New York who Defendant(s) collected or attempted to collect a debt from, which violates specific provisions of the FDCPA.

b.     Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member.   These common questions of law and fact include, without limitation:

i.     Whether the Defendants violated various provisions of the FDCPA as set forth herein:

ii.     Whether Plaintiff and the Class have been injured by the Defendants' conduct;

iii.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

iv.    Whether Plaintiff and the Class are entitled to declaratory relief.

c.    Typicality: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d.    Adequacy of Representation: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

13.    A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

14.    A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

15.    Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

16.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17.    At some time prior to October 13, 2022, Plaintiff allegedly incurred a financial obligation to WINDSTREAM COMMUNICATIONS, INC. ("WINDSTREAM").

18.    The WINDSTREAM obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

19.    Plaintiff incurred the WINDSTREAM obligation by obtaining goods and services, which were primarily for personal, family and household purposes.

20.    The WINDSTREAM obligation did not arise out of a transaction that was for non-personal use.

21.    The WINDSTREAM obligation did not arise out of a transaction that was for business use.

22.    The WINDSTREAM obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

23.    WINDSTREAM is a "creditor" as defined by 15 U.S.C. § 1692a(4).

24.    On or before September 30, 2022, the WINDSTREAM obligation was purchased by and/or sold to LVNV FUNDING LLC ("LVNV").

25.    On or before September 30, 2022, LVNV directly or through an agent, referred the WINDSTREAM obligation to RESURGENT for the purpose of collections.

26.     At the time the WINDSTREAM obligation was referred to RESURGENT, the

WINDSTREAM obligation was past due.

27.     At the time the WINDSTREAM obligation was referred to RESURGENT, the

WINDSTREAM obligation was in default.

28.     On or about September 30, 2022, Plaintiff received a text message from

HALSTEAD FINANCIAL SERVICES, LLC  (the "September 30, 2022 text message, a copy is

annexed hereto as **Exhibit A**, which is fully incorporated herein by reference), which stated the

following, in relevant part:



29.     Upon receipt, Plaintiff read the September 30, 2022 text message.

30.     Upon receipt, Plaintiff read and relied on the statements and representations in the

September 30, 2022 text message.

31.     On or about October 7, 2022, Plaintiff's attorney sent a letter to HALSTEAD (A

copy  is annexed hereto as **Exhibit B**, which is fully incorporated herein by reference) via first

class mail and email, which stated the following, in relevant part:

> This firm has been retained to represent the interests of Sheila Williams relative
> to the above-referenced matter. PLEASE TAKE NOTICE, that Sheila Williams
> hereby disputes the validity of the debt. Therefore, you are not to assume this
> debt to be valid.

Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Sheila Williams. Furthermore, Sheila Williams hereby revokes any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to make contact *via* mobile telephone, (whether by calling), texting, land line, emailing or to any facsimile device. In addition, Sheila Williams prohibits you from sharing her personal information and/or any information related to this account with any persons/entities without her prior written consent.

As provided for under 15 U.S.C. §1692g(a), my client disputes the validity of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor. Kindly forward all such information to our New York office. Additionally, pursuant to 15 U.S.C. §1692e(8), if Halsted Financial Services, is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

32.     In an attempt to collect on the WINDSTRAM obligation, on or about October 13, 2022 (the "October 13, 2022 letter"), Defendants caused to be delivered to Plaintiff's Attorney a letter, which was provided was then forwarded to Plaintiff. A copy is annexed hereto as **Exhibit C**, which is fully incorporated herein by reference.

33.     The first page of the October 13, 2022 letter stated the following:



34.     The second page of the October 13, 2022 letter further stated t:



35.     The October 13, 2022 letter was sent in connection with the collection of the WINDSTREAM obligation.

36.     The October 13, 2022 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

37.     Upon receipt, Plaintiff read the October 13, 2022 letter.

38.     Upon receipt, Plaintiff read and relied on the statements and representations in the October 13, 2022letter.

39.     Plaintiff is not responsible for the "Balance" as set forth in the October 13, 2022 letter.

40.     There is no contract or agreement permitting Defendants to collect the "Balance" set forth in the October 13, 2022 letter.

41.     On or about October 13, 2022, Plaintiff's attorney sent a letter to RESURGENT (A copy is annexed hereto as **Exhibit D**, which is fully incorporated herein by reference) via first class mail and fax (a copy of the transmission receipt is annexed hereto as **Exhibit E** which is fully incorporated herein by reference), which stated the following, in relevant part:

> This firm has been retained to represent the interests of Sheila Williams relative to the above-referenced matter. PLEASE TAKE NOTICE, that Sheila Williams hereby disputes the validity of the debt. Therefore, you are not to assume this debt to be valid.
>
> Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately Cease and Desist all collection efforts and communications with Sheila Williams. Furthermore, Sheila Williams hereby revokes any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to make contact via mobile telephone, (whether by calling), texting, land line, emailing or to any facsimile device. In addition, Sheila Williams prohibits you from sharing her personal information and/or any information related to this account with any persons/entities without her prior written consent.
>
> As provided for under 15 U.S.C. §1692g(a), my client disputes the validity of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor. Kindly forward all such information to our New York office. Additionally, pursuant to 15 U.S.C. §1692e(8), if Resurgent Capital Services and/or LVNV Funding, LLC, is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

42.     In an attempt to collect on the WINDSTRAM obligation, on or about October 26, 2022 (the "October 26, 2022 letter"), Defendants caused to be delivered to Plaintiff's Attorney a letter, which was provided was then forwarded to Plaintiff. A copy is annexed hereto as **Exhibit F**, which is fully incorporated herein by reference.

43.     The first page of the October 26, 2022 letter stated the following:



44.    The second page of the October 26, 2022 letter stated the following:



45.    The October 26, 2022 letter was sent in connection with the collection of the WINDSTREAM obligation.

46.    The October 26, 2022 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

47.    Upon receipt, Plaintiff read the October 26, 2022 letter.

48.    Upon receipt, Plaintiff read and relied on the statements and representations in the October 26, 2022 letter.

49.    Plaintiff is not responsible for the "Balance" as set forth in the October 26, 2022 letter.

50.    There is no contract or agreement permitting Defendants to collect the "Balance" set forth in the October 26, 2022 letter.

51.    On or about October 31, 2022; November 9, 2022; and, November 10, 2022, Defendants sent letters to Plaintiff's Counsel, which were then forwarded to Plaintiff, that were virtually identical to the October 26, 2022 letter.

52.    The October 31, 2022; November 9, 2022; and/or November 10, 2022 letters were sent in connection with the collection of the WINDSTREAM obligation.

53.    The October 31, 2022; November 9, 2022; and/or November 10, 2022 letters were a "communication" as defined by 15 U.S.C. § 1692a(2).

54.    Upon receipt, Plaintiff read the October 31, 2022; November 9, 2022; and/or November 10, 2022 letters.

55.    Upon receipt, Plaintiff read and relied on the statements and representations in the October 31, 2022; November 9, 2022; and/or November 10, 2022 letters.

56.    Plaintiff is not responsible for the "Balance" as set forth in the October 31, 2022; November 9, 2022; and/or November 10, 2022 letters.

57.    There is no contract or agreement permitting Defendants to collect the "Balance" set forth in the October 31, 2022; November 9, 2022; and/or November 10, 2022 letters.

58.    DEFENDANTS knew or should have known that its actions violated the FDCPA.

59.    Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

60.    It is Defendants' policy and practice to collect or attempt to collect debts, which violate the FDCPA, by *inter alia*:

   a)    Making a false representation of the character, amount, or legal status of any debt;

   b)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

c)      Using unfair or unconscionable means to collect or attempt to collect any debt.

61.      Defendants have made collection attempts against at least 50 natural persons in the State of New York within one year of this Complaint.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e *et seq.* VIOLATIONS

62.      Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

63.      Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

64.      As described herein, Defendant engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10).

65.      Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

66.      Defendants' false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

67.      Section 1692e(2)(A) of the FDCPA prohibits a debt collector from using a false representation of the character, amount, or legal status of any debt.

68.      Defendants violated Section 1692e(2)(A) as Plaintiff is not responsible for the WINDSTREAM obligation set forth in the October 13, 2022; October 26, 2022; October 31, 2022; November 9, 2022; and/or, November 10, 2022 letters.

69.      Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

70.     Defendants violated Section 1692e(10) as Plaintiff is not responsible for the WINDSTREAM obligation set forth in the October 13, 2022; October 26, 2022; October 31, 2022; November 9, 2022; and/or, November 10, 2022 letters.

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692f *et seq*.  VIOLATIONS

14.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

15.     As described herein, Defendant engaged in unfair and unconscionable means to collect or attempt to collect any debt in violation of 1692f, and 1692f(1).

16.     Defendants' unfair and unconscionable means to collect or attempt to collect any debt is material to the least sophisticated consumer.

17.     Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

18.     Section 1692f(1) prohibits a debt collector from collecting any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

19.     Defendants violated Section 1692f(1) as there is no agreement creating the WINDSTREAM obligation.

20.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

21.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

22.    Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

23.    Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

24.    Plaintiff and others similarly situated have suffered harm redressable under the FDCPA as a direct result of the abusive, deceptive and unfair collection practices described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d)    Awarding pre-judgment interest;

(e)    Awarding post-judgment interest;

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: February 20, 2023                    Respectfully submitted,

                              By:    *s/ Joseph K. Jones*
                                     Joseph K. Jones, Esq.
                                     jkj@legaljones.com

                                     *s/ Benjamin J. Wolf*
                                     Benjamin J. Wolf, Esq.
                                     bwolf@legaljones.com

                                     JONES, WOLF & KAPASI, LLC
                                     One Grand Central Place
                                     60 East 42nd Street, 46th Floor
                                     New York, New York 10165
                                     (646) 459-7971 telephone
                                     (646) 459-7973 facsimile

                                     *Attorneys for Plaintiff*

# EXHIBIT A



# EXHIBIT B

*New York*
One Grand Central Place
60 East 42nd St., 46th Floor
New York, NY 10165
p. (646) 459-7971
f. (646) 459-7973



Joseph K. Jones, Esq.[††]
Benjamin J. Wolf, Esq.[††]
Anand A. Kapasi, Esq.[†]
Paul Gottlieb, Of Counsel

[††]Admitted NY, NJ, CT
[†]Admitted NY, NJ

*New Jersey*
375 Passaic Ave., Ste. 100
Fairfield, NJ 07004
p. (973) 227-5900
f. (973) 244-0019

https://legaljones.com

*Reply to:  New Jersey*

October 7, 2022

<u>Via Email (webcustomer@halstedfinancial.com) and First Class Mail</u>

Halsted Financial Services
P.O. Box 828
Skokie, IL 60076

> **Re:**        **Sheila Williams**
> **Telephone:**    **xxx-xxx- x580**

To Whom It May Concern:

This firm has been retained to represent the interests of Sheila Williams relative to the above-referenced matter.  PLEASE TAKE NOTICE, that Sheila Williams hereby disputes the validity of the debt. Therefore, you are not to assume this debt to be valid.

Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Sheila Williams.  Furthermore, Sheila Williams hereby revokes any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to make contact *via* mobile telephone, (whether by calling), texting, land line, emailing or to any facsimile device.  In addition, Sheila Williams prohibits you from sharing her personal information and/or any information related to this account with any persons/entities without her prior written consent.

As provided for under 15 U.S.C. §1692g(a), my client disputes the validity of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor.  Kindly forward all such information to our <u>New York</u> office. Additionally, pursuant to 15 U.S.C. §1692e(8), if Halsted Financial Services, is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

Your anticipated cooperation in this matter is appreciated.

JONES, WOLF & KAPASI, LLC

*/s/ Benjamin J. Wolf*
Benjamin J. Wolf, Esq.
bwolf@legaljones.com

Cc: Sheila Williams (*via* Email)

# EXHIBIT C

PO Box 510090
Livonia MI 48151-6090





PGUZYY00200181

JONES, WOLF & KAPASO LLC
BENJAMIN J. WOLF, ESQ.
60 E 42ND ST FL 46
NEW YORK, NY 10165-0043

> Account Number: ****8078
> Original Creditor: Windstream Communications, Inc.
> Current Owner: LVNV Funding LLC
> Reference ID: ████269
> Balance: $414.65
> Accountholder Name: Sheila Williams

October 13, 2022

Dear Jones, Wolf & Kapaso LLC,

Resurgent Capital Services L.P. manages the above referenced account for LVNV Funding LLC and has initiated a review of the inquiry recently received either directly or from Halsted Financial Services, LLC, the current servicer of this account.

For further assistance, please contact one of our Customer Service Representatives toll-free at 1-866-464-1187.

Sincerely,

Resurgent Capital Services L.P.

Enclosure

**Please read the following important notices, including the enclosed validation notice, as they may affect your rights.**

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC cannot sue you for it, and LVNV Funding LLC cannot report it to any credit reporting agency.



*Hours of Operation*
8:00AM-9:00PM EST
Monday - Thursday
8:00AM-7:00PM EST
Friday
9:00AM-5:00PM EST
Saturday - Sunday



*Address*
PO Box 10497
Greenville, SC 29603-0497



*Contact Numbers*
Toll Free Phone
1-866-464-1187
Toll Free Fax
1-866-467-0163



*Customer Portal*
Resurgent.com

22991890-INITIAL-CS

Resurgent Capital Services
P.O. Box 10497
Greenville, SC 29603
www.Resurgent.com
(888)665-0374 from 8-9 Monday-Thursday
8-7 Friday and 9-5 Saturday-Sunday

To:    SHEILA WILLIAMS



█████████████ GA ████

Reference: ███269

**Resurgent Capital Services is a debt collector.** We are trying to collect a debt that you owe to LVNV Funding LLC. We will use any information you give us to help collect the debt.

## Our Information shows:

You had an account from
Windstream Communications, Inc.
with account number ending in 8078.

| | |
|---|---|
| As of October 29, 2009, you owed: | $360.94 |
| Between October 29, 2009 and today: | |
| You were charged this amount in interest: + | $53.71 |
| You were charged this amount in fees: + | $0.00 |
| You paid or were credited this amount toward the debt: - | $0.00 |
| **Total amount of the debt now:** | **$414.65** |

## How can you dispute the debt?

- **Call or write to us by November 17, 2022, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.
- **If you write to us by November 17, 2022,** we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents.

## What else can you do?

- Write to ask for the name and address of the original creditor, if different from the current creditor. If you write by November 17, 2022, we must stop collection until we send you that information. You may use the form below or write to us without the form.
- Go to **www.cfpb.gov/debt-collection** to learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you.
- Contact us about your payment options.
- Póngase en contacto con nosotros para solicitor una copia de este formulario en español.

✂ ─────────────────────────────────────────

**Mail this form to:**

Resurgent Capital Services
P.O. Box 10497
Greenville, SC 29603

## How do you want to respond?

*Check all that apply:*

☐  I want to dispute the debt because I think:
  ☐ This is not my debt.
  ☐ The amount is wrong.
  ☐ Other (please describe on reverse or attach additional information).

☐  I want you to send me the name and address of the original creditor.

SHEILA WILLIAMS
████████████████
███████ GA ████

☐  I enclosed this amount:  $
Make your check payable to *Resurgent Capital Services*. Include the reference number ███269.

☐  Quiero este formulario en español.

# EXHIBIT D

*New York*
One Grand Central Place
60 East 42nd St., 46th Floor
New York, NY 10165
p. (646) 459-7971
f. (646) 459-7973



Joseph K. Jones, Esq.††
Benjamin J. Wolf, Esq.††
Anand A. Kapasi, Esq.†
Paul Gottlieb, Of Counsel

††Admitted NY, NJ, CT
†Admitted NY, NJ

*New Jersey*
375 Passaic Ave., Ste. 100
Fairfield, NJ 07004
p. (973) 227-5900
f. (973) 244-0019

https://legaljones.com

*Reply to: New Jersey*

October 27, 2022

Resurgent Capital Services
PO Box 10497
Greenville, South Carolina 29603-0497
officeofCCO@resurgent.com
1-866-467-0163 (fax)

LVNV Funding, LLC
15 South Main Street, Suite 700
Greenville, SC 29601

|  |  |  |
|---|---|---|
| **Re:** | **Sheila Williams** |
| **Telephone:** | **xxx-xxx- x580** |
| **Account Number:** | **\*\*\*\*8078** |
| **Reference ID:** | ███████**269** |

To Whom It May Concern:

This firm has been retained to represent the interests of Sheila Williams relative to the above-referenced matter. PLEASE TAKE NOTICE, that Sheila Williams hereby disputes the validity of the debt. Therefore, you are not to assume this debt to be valid.

Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Sheila Williams. Furthermore, Sheila Williams hereby revokes any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to make contact *via* mobile telephone, (whether by calling), texting, land line, emailing or to any facsimile device. In addition, Sheila Williams prohibits you from sharing her personal information and/or any information related to this account with any persons/entities without her prior written consent.

As provided for under 15 U.S.C. §1692g(a), my client disputes the validity of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor. Kindly forward all such information to our <u>New York</u> office. Additionally, pursuant to 15 U.S.C. §1692e(8), if Resurgent Capital Services and/or LVNV Funding LLC, is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

Your anticipated cooperation in this matter is appreciated.

JONES, WOLF & KAPASI, LLC

*/s/ Benjamin J. Wolf*
Benjamin J. Wolf, Esq.
bwolf@legaljones.com

Cc: Sheila Williams (*via* Email)

# EXHIBIT E

# Send Result Report

MFP

**KYOCERA**

TASKalfa 4052ci

Firmware Version 2ND_2000.004.504 2022.04.18

W2M7702465
10/28/2022 14:47
[2ND_1000.007.002] [2ND_1100.001.007] [2ND_7000.004.502]

Job No.: 037519          Total Time: 0°00'32"          Page: 002

# Complete

Document:          doc03751920221028144619

---

*New York*
One Grand Central Place
60 East 42nd St., 46th Floor
New York, NY 10165
p. (646) 459-7971
f. (646) 459-7973

*New Jersey*
375 Passaic Ave., Ste. 100
Fairfield, NJ 07004
p. (973) 227-5900
f. (973) 244-0019

## Jones, Wolf & Kapasi
### LLC
#### ATTORNEYS AT LAW

Joseph K. Jones, Esq.††
Benjamin J. Wolf, Esq.††
Anand A. Kapasi, Esq.†
Paul Gottlieb, Of Counsel

††Admitted NY, NJ, CT
†Admitted NY, NJ

https://legaljones.com

*Reply to: New Jersey*

October 27, 2022

Resurgent Capital Services
PO Box 10497
Greenville, South Carolina 29603-0497
officeofCCO@resurgent.com
1-866-467-0163 (fax)

LVNV Funding, LLC
15 South Main Street, Suite 700

| No. | Date/Time | Destination | Times | Type | Result | Resolution/ECM |
|-----|-----------|-------------|-------|------|--------|----------------|
| 001 | 10/28/22 14:46 | 18664670163 | 0°00'32" | FAX | OK | 200x100 Normal/On |

1

# EXHIBIT F

PO Box 510090
Livonia MI 48151-6090





PGXNY100200082

||··|·||·|·||·|·||||||·||··|·|||||||·|·|··|·||·|·|||||·|||·||·||·|··|||·|||

BENJAMIN J. WOLF, ESQ.
JONES, WOLF & KAPASO LLC
60 E 42ND ST FL 46
NEW YORK, NY 10165-0043

Account Number: ****8078
Original Creditor: Windstream Communications, Inc.
Current Owner: LVNV Funding LLC
Reference ID: ███ 269
Balance: $414.65
Accountholder Name: Sheila Williams

October 26, 2022

Dear Benjamin J. Wolf, Esq.,

We have received a recent inquiry regarding the above-referenced account and have enclosed the account summary which provides verification of debt.

For further assistance, please contact one of our Customer Service Representatives toll-free at 1-866-464-1187.

Sincerely,

Resurgent Capital Services L.P.

Enclosure

**Please read the following important notices as they may affect your rights.**

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC cannot sue you for it, and LVNV Funding LLC cannot report it to any credit reporting agency.



*Hours of Operation*
8:00AM-9:00PM EST
Monday - Thursday
8:00AM-7:00PM EST
Friday
9:00AM-5:00PM EST
Saturday - Sunday



*Address*
PO Box 10497
Greenville, SC 29603-0497



*Contact Numbers*
Toll Free Phone
1-866-464-1187
Toll Free Fax
1-866-467-0163



*Customer Portal*
Resurgent.com

### ACCOUNT SUMMARY REPORT
### 10/26/2022 4:12:16 PM

*This account summary has been prepared by Resurgent Capital Services on behalf of LVNV Funding LLC. It is not a credit card or other account statement from the original creditor.*

| Borrower Information | | Current Account Information | |
|---|---|---|---|
| **Name:** | SHEILA WILLIAMS | **Owner:** | LVNV Funding LLC |
| **Address:** | | **Resurgent Reference #:** | ███269 |
| **City:** | | **Original Creditor:** | Windstream Communications, Inc. |
| **State:** | GA | | |
| **Zip Code:** | | **Account Number:** | XXXX8078 |
| | | **Current Balance Due:** | $414.65 |

| Historical Account Information | |
|---|---|
| The original creditor for this account was: | Windstream Communications, Inc. |
| | 4001 N Rodney Parham Rd |
| | Little Rock, AR 72212 |
| The origination date with original creditor was: | 10/29/2008 |
| The account charge-off date was: | 10/29/2009 |
| The account charge-off amount was: | $360.94 |
| The account was acquired on or about: | 11/07/2012 |
| The account balance at time of acquisition: | $360.94 |

*This communication is from a debt collector and this is an attempt to collect a debt. Any information obtained will be used for that purpose.*



Page 1 of 1